a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DARRELL DERONE SMALL** **#2023010323/201001024,** Petitioner | CIVIL DOCKET NO. 1:25-CV-00890 SEC P |
| VERSUS | JUDGE DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254[1] (ECF No. 1) filed by pro se Petitioner Darrell Derone Small ("Small"). Small is incarcerated at the Morehouse Parish Detention Center. He challenges his conviction and sentence imposed in the Tenth Judicial District Court, Natchitoches Parish, Louisiana.

Because Small failed to comply with the Court's Order to Amend (ECF No. 10), the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I.   <u>Background</u>

Small was convicted of aggravated obstruction of a highway of commerce. *State v. Small*, 2018-956, p. 1 (La.App. 3 Cir. 6/26/19), *writ denied*, 2019-01204 (La. 3/16/20); 370 So.3d 731. He was adjudicated a habitual offender and sentenced to 22

---

[1] Small also filed a Motion for Writ of Mandamus (ECF No. 9), which reiterates the argument presented in the Petition.

years of imprisonment, with credit for time served. *Id.* His conviction and sentence were affirmed. *Id.*

Small was ordered to amend to establish that the Petition was timely filed. ECF No. 10.

## II. Law and Analysis

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with any order. *See* Fed. R. Civ. P. 41(b). The dismissal may occur upon the motion of a defendant or the Court's own motion. The authority to dismiss *sua sponte* is provided to "achieve the orderly and expeditious disposition of cases"; to "prevent undue delays"; and to "avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-31 (1962); *see also Morris v. Ocean Sys., Inc.,* 730 F.2d 248, 251 (5th Cir. 1984); *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1167 (5th Cir. 1980).

Small was ordered to amend the Petition by December 3, 2025. To date, he has failed to comply with the Court's Order to amend, and he has not requested an extension of time within which to comply. Therefore, the Petition should be dismissed under Rule 41.

## III. Conclusion

Because Small failed to comply with the Court's Order, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, January 20, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE